IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERMAN L. HALL,

    Plaintiff,

vs.

CENTURION OF FLORIDA, LLC,
a Florida Limited Liability Company,
HEZEKIAH GEORGE
OWOJUYIGBE, M.D., and
ELLIOT E. PEREZ-LUGO, M.D.,

    Defendant.

CASE NO.3:20-cv-00427-MMH-JRK

**SECOND AMENDED VERIFIED COMPLAINT
AND DEMAND FOR JURY TRIAL**

PLAINTIFF, HERMAN HALL, (hereinafter "Plaintiff," or "HALL"), by and through the undersigned counsel, sues the Defendants, CENTURION OF FLORIDA, LLC, a Florida limited liability company (hereinafter "CENTURION"), HEZEKIAH GEORGE OWOJUYIGBE, M.D., (hereinafter "DR. OWOJUYIGBE"), and ELLIOT E. PEREZ-LUGO, M.D. (hereinafter "DR. PEREZ-LUGO"), and alleges:

## INTRODUCTION

1. This is an action for compensatory and punitive damages alleging that the Defendants, contrary to the Eighth and Fourteenth Amendments to the United States Constitution knowingly and willfully exercised deliberate indifference to the recognized rights of the Plaintiff, HERMAN HALL, while he was incarcerated at Columbia Correctional Institution.

## JURISDICTION

2. Jurisdiction of the Court is invoked pursuant to Title 28 U.S.C. § 1331, in that this is a civil action arising under the constitutional laws of the United States.

3. Jurisdiction is also is invoked pursuant to Title 28 U.S.C. § 1343(A)(3), in that this is action seeks to redress the deprivation under color of state law, of rights secured to HALL by the Eighth and Fourteenth Amendments to the United States Constitution.

4. Plaintiff's claims for relief are predicated on Title 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the Plaintiff by the Constitution of the United States and by Title 42 U.S.C. § 1988, which

authorizes the award of attorney fees and costs to prevailing plaintiffs in actions brought pursuant to Title 42 U.S.C. § 1983.

5. Plaintiff has fully exhausted his administrative remedies as required under the Prison Reform Litigation Act (PRLA).

## PARTIES

6  The Plaintiff HERMAN HALL (hereinafter "HALL"), at all times material to this action is and was a resident of Columbia County, Florida, incarcerated at Columbia Correctional Institution (hereinafter "COLUMBIA C.I.").

7  The Defendant CENTURION OF FLORIDA, LLC (hereinafter "CENTURION"), is a Florida limited liability company, whose Principal Address is 7700 Forsyth Blvd., St. Louis, MO 63105, and is the healthcare provider for inmate service contract with the Florida Department of Corrections.

8. Defendant HEZEKIAH GEORGE OWOJUYIGBE, M.D.., (hereinafter "DR. OWOJUYIGBE") was the medical site director at Columbia Correctional Institution during the time in which the events described herein arose.

9. Defendant ELLIOT E. PEREZ-LUGO, M.D. (hereinafter "DR. PEREZ-LUGO"), was the site medical director at Columbia Correctional Institution during the time in which the events described herein arose.

10. At all times material to this action, Defendants were acting under color of state law.

## STATEMENT OF FACTS

11. HALL is a 73-year-old, African-American inmate serving a life sentence, who has been continuously incarcerated since 1968.

12. Since 2014, HALL has experienced deliberate indifference and neglect to his eye care regarding his open-angle, severe glaucoma which has resulted in the complete loss of vision in his right eye and continuing loss of vision in his left eye to the point where he is practically, legally blind in both eyes.

13. CENTURION is a health care provider who contracted with the State of Florida to provide healthcare to inmates under the care, custody and control of the Department of Corrections. CENTURION's utilization management office in Tallahassee has a custom or practice of permitting delays which result in constitutional violation because the policy is evidence

4

of deliberate indifference to a glaucoma patient's need for treatment to reduce eye pressure in a timely manner and is a longstanding and widespread practice. All decision makers in the chain of command were aware of HALL's need for timely medical care to avoid loss of his vision and yet they showed deliberate indifference to it by constantly either delaying his visits to outside consults or withholding critical medicine from him within the Institution for eye-drop treatment.

14. CENTURION has a duty as well as an ethical responsibility to develop, implement, and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by the appropriate medical specialist when recommended by that specialist. CENTURION was deficient in the development of its policies, or had a deliberate policy of not providing healthcare for inmates even though it is aware of the serious medical need and the provision of healthcare services would be an additional expense which would lessen its profits under the contract with the state of Florida. HALL is alleging that CENTURION has a policy of denying healthcare to glaucoma patients because of the expense which has resulted in the loss of vision for at

least three (3) inmates including, Scotty Diaz, Aaron E. Newsome, and Herman Hall.

15. Defendant CENTURION became the Florida Department of Corrections' healthcare provider in May of 2016.

16. CENTURION is a health care provider who contracted with the State of Florida to provide healthcare to inmates under the care, custody and control of the Department of Corrections. CENTURION's utilization management office in Tallahassee has a custom or practice of permitting delays which result in constitutional violation because the policy is evidence of deliberate indifference to a glaucoma patient's need for treatment to reduce eye pressure in a timely manner and is a longstanding and widespread practice. All decision makers in the chain of command were aware of HALL's need for timely medical care to avoid loss of his vision and yet they showed deliberate indifference to it by constantly either delaying his visits to outside consults or withholding critical medicine from him within the Institution for eye-drop treatment.

17. CENTURION has a duty as well as an ethical responsibility to develop, implement, and monitor compliance with appropriate policies and

procedures designed to make sure inmates are seen by the appropriate medical specialist when recommended by that specialist. CENTURION was deficient in the development of its policies, or had a deliberate policy of not providing healthcare for inmates even though it is aware of the serious medical need and the provision of healthcare services would be an additional expense which would lessen its profits under the contract with the state of Florida. HALL is alleging that CENTURION has a policy of denying healthcare to glaucoma patients because of the expense which has resulted in the loss of vision for at least three (3) inmates including, Scotty Diaz, Aaron E. Newsome, and Herman Hall.

18. On September 12, 2012, HALL was examined by an Optometrist, Dr. Michael Leonard Schlofman, who found HALL had visual acuity of OD 20/25 and OS 20/25.

19 On January 9, 2013, HALL was examined by Dr. Schlofman and his visual acuity had changed to OD 20/40 and OS 20/40.

20. On April 12, 2013, Dr. Schlofman found OD No Vision OS and OS Superior Alubidival loss. Schlofman made no referral to an outside Ophthalmologist at this time.

7

21. On August 14, 2013, HALL was "legally blind" and there was no referral to an Ophthalmologist.

22. On February 2, 2015, two (2) years after HALL began to experience major loss of his visual acuity, his Glaucoma was in "Good Control."

23. On July 27, 2015, HALL's medical records reflect that his Glaucoma was uncontrolled. Once again, there was no referral to an Ophthalmologist.

24. On October 14, 2015, HALL's medical records reflect OD blind OS large loss superiorly OD IOP 32 OS IOA 21. HALL was not referred to an Ophthalmologist.

25. On February 27, 2018, HALL reports, "I can't see anything at all out of my left eye." On February 28, 2018, HALL was examined by an Optometrist who recommended a referral to an Ophthalmologist. The referral was ignored and never took place.

26. On March 12, 2018, Dr. Roberts, O.D., examined HALL and noted OD NLP No Light Perception OS 20/30 IOP way above for ALT OU and see again in 3 months and refer to RMC check for. There was no referral to

8

Ophthalmologist even though left eye OS still had good vision to preserve at that point.

27. On March 27, 2018, HALL was once again examined by Dr. Roberts, O.D., who found OD NLP No Light Perception OS 20/30 OD IOP 34 OS IOP 24. There was no referral to Ophthalmology even though medical notes indicate patient is non compliant with drops. Tests indicate HALL is blind in right eye and losing vision in left eye. If patient is non compliant it is critical to refer him to Ophthalmologist to prevent loss of vision in his left eye.

28. On May 18, 2018, HALL filed Grievance Log number 1805-201-112, which was denied on June 4, 2018, by Medical Site Director H. George, at Columbia Correctional Institution.

29. On August 9, 2018, HALL filed Grievance number 1808-201-05_, alleging that he had been denied consults with the Regional Medical Center Optometrist and Ophthalmologist for six (6) months and this Grievance was approved by Medical Site Director E. Gaean Baptiste August 15, 2018.

30. On August 13, 2018, HALL filed Grievance number 1808-201-058, which was denied by Site Medical Director E. Perez-Lugo. On August

9

14, 2018, possible referral to Ophthalmologist even though this is not documented in HALL's medical records.

31. On September 17, 2018, HALL's medical records indicate OD NLP OS 20/30 OS IOP 27, recommended to Humphrey at RMC.

32. On October 2, 2018, HALL filed Grievance number 1810-201-016, which was denied by Site Medical Director E. Perez-Lugo on October 11, 2018.

33. On October 18, 2018, HALL filed Grievance number 1810-2013-103, which was denied by Site Medical Director E. Perez-Lugo, on November 18, 2018, for HALL's alleged failure to properly comply with Florida Department of Corrections Rule 33-103.

34. On October 22, 2018, HALL submits Inmate Sick Call Request noting Glaucoma eye drops 10/28/18 late again which refutes earlier notes in medical records that HALL was non compliant.

35. On November 5, 2018, Referral to Ophthalmology recommended but this referral was never done.

36. On December 10, 2018, Humphrey RMC Optometrist examines HALL and makes no conclusion on OD, finds OS total loss and no referral to Ophthalmologist.

37. On December 17, 2018, HALL filed a Grievance.

38. On January 6, 2019, HALL filed Grievance Log number 201-1091-0131, which was denied on January 7, 2019, by ARNP N. Tomlinson. The Grievance alleged that HALL was not being provided a copy of his medical records. The Grievance was denied because DOC had received a request for a copy of medical records from HALL's attorney was producing the records to him.

39. On January 9, 2019, HALL filed Grievance Log number 1901-201-230 which was approved by Site Medical Director E. Perez-Lugo on February 18, 2019.

40  On January 29, 2019, HALL filed his Request for Administrative Appeal.

41  On March 8, 2020, HALL filed a sick-leave request reflecting that the failure or refusal to provide him eyedrops medication as previously ordered by his consulting Ophthalmologist. HALL had not received any

11

eyedrops since February 17, 2020. On February 25, 2020, HALL filed a sick-call request stating he was being denied eyedrops.

42   Defendants DR. OWOJUYIGBE and DR. PEREZ-LUGO, as Site Medical Directors during the period of time alleged from paragraphs 19 through 41, above, and, as such, were aware of HALL's "serious medical need," Glaucoma and severe loss of vision and repeatedly took no action to refer HALL to an Ophthalmologist to preserve HALL's vision in order to avoid incurring the expense of such referrals to their employer CENTURION.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983 CLAIM
### AGAINST CENTURION OF FLORIDA, LLC

43.   HALL hereby incorporates by reference the allegations contained in paragraphs 19 through 42 above, as if set forth in full herein.

44.   CENTURION OF FLORIDA, LLC ("CENTURION"), had a duty as well as an ethical responsibility to develop, implement and monitor compliance with appropriate policies and procedures designed to make sure inmates are seen by an appropriate medical specialist faced with a serious medical need requiring such treatment. CENTURION exercised deliberate

12

indifference to HALL's Eighth Amendment right to adequate healthcare for his serious medical needs by specifically developing and adopting policies and procedures with the intent to protect the financial interests of CENTURION over the medical needs of the Inmate, such as HALL where medical needs have been entrusted to them by their contractual arrangement with the Florida Department of Corrections. CENTURION has failed to develop and implement appropriate policies and procedure in addressing the needs of patients like HALL who have been diagnosed with a serious medical condition – chronic Glaucoma – and require prompt treatment by an Board Certified Glaucoma Specialist. On numerous occasions medical staff and FDOC failed to refer HALL to an Ophthalmologist for treatment due to their deliberate indifference which has resulted in HALL's total loss of vision in his right eye and diminished vision in his left eye with the possibility of total blindness in his left eye, too, due to high Intra-Ocular Pressure (IOP) which presents a major risk factor in glaucomatous filed loss from permanent optic nerve damage and blindness when there is a total failure to provide an examination by an Ophthalmologist by Defendants of a known serious medical need.

45. This violates HALL's rights, under the Eighth and Fourteenth Amendments to the United States Constitution, to receive necessary medical treatment that has been for "Primary Open-Angle Glaucoma, Severe Stage," in both eyes in a timely proscribed manner and prevent HALL from suffering and ultimately losing total vision like he has.

### COUNT II — 42 U.S.C. § 1983 CLAIM
### AGAINST HEZEKIAH GEORGE OWOJUYIGBE, M.D..

46. HALL hereby incorporates by reference the allegations contained in paragraphs 19 through 42 above, as if set forth in full herein.

47. Defendant HEZEKIAH GEORGE OWOJUYIGBE, M.D.. ("DR. OWOJUYIGBE"), was one of the Site Medical Directors at Columbia C.I., and is HALL's Primary Care Physician each period of each period alleged in paragraphs 19 through 42, above.

48. HALL alleges that DR. OWOJUYIGBE, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to provide necessary and recommended care and treatment in a timely manner to HALL after May 2016, by knowingly and intentionally denying him access to medical personnel, an

14

outside Ophthalmologist capable of evaluating his proper need for treatment pursuant to the policies of CENTURION to deny medical care by an outside consultant purely for economic reasons. Specifically by failing to recommend or refer HALL to an outside Glaucoma Specialist even though DR. OWOJUYIGBE was aware of the continued deterioration of HALL's vision based on his change in IOP over time and loss of vision. HALL was allowed to go blind. The failure or refusal to consider alternatives to the treatment being provided when the treatment is not improving the inmate's serious medical condition is deliberate indifference.

49. The failure to take action by DR. OWOJUYIGBE was an exercise of deliberate indifference to the health, safety and welfare and the constitutional rights of HALL under color of state law.

50. DR. OWOJUYIGBE with the full knowledge of the serious medical needs of HALL and aware of the unconstitutional nature of his actions, agreed to and did exercise deliberate indifference to the serious medical condition and needs of HALL which eventually resulted in his loss of sight in his right eye and substantially diminished vision in his left eye through their course of neglect which began in May 2016 through March 2020.

15

## COUNT III — 42 U.S.C. § 1983 CLAIM
### AGAINST ELLIOTT E. PEREZ-LUGO, M.D.

51. HALL hereby incorporates by reference the allegations contained in paragraphs 19 through 42 above, as if set forth in full herein.

52. Defendant ELLIOTT E. PEREZ-LUGO, M.D. ("DR. PEREZ-LUGO"), was one of the Site Medical Directors at Columbia C.I., and is HALL's Primary Care Physician each period of each period alleged in paragraphs 19 through 42, above.

53. HALL alleges that DR. PEREZ-LUGO, contrary to the Eighth and Fourteenth Amendments to the United States Constitution, knowingly and willfully exercised deliberate indifference by failing to provide necessary and recommended care and treatment in a timely manner to HALL after May 2016, by knowingly and intentionally denying him access to medical personnel, an outside Ophthalmologist capable of evaluating his proper need for treatment pursuant to the policies of CENTURION to deny medical care by an outside consultant purely for economic reasons. Specifically by failing to recommend or refer HALL to an outside Glaucoma Specialist even though DR. PEREZ-LUGO was aware of the continued deterioration of HALL's vision based on

his change in IOP over time and loss of vision. HALL was allowed to go blind. The failure or refusal to consider alternatives to the treatment being provided when the treatment is not improving the inmate's serious medical condition is deliberate indifference.

54. The failure to take action by DR. PEREZ-LUGO was an exercise of deliberate indifference to the health, safety and welfare and the constitutional rights of HALL under color of state law.

55. DR. PEREZ-LUGO with the full knowledge of the serious medical needs of HALL and aware of the unconstitutional nature of his actions, agreed to and did exercise deliberate indifference to the serious medical condition and needs of HALL which eventually resulted in his loss of sight in his right eye and substantially diminished vision in his left eye through their course of neglect which began in May 2016 through March 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff HERMAN HALL respectfully requests the Court enter judgment in her favor and against the Defendant and award him:

- A. Actual damages in an amount to be determined at trial;
- B. Punitive damages;
- C. Attorney fees and costs; and
- D. Any other and further relief as this Court deems just and equitable.

Plaintiff HERMAN HALL demands a trial by jury.

Case 3:20-cv-00427-MMH-JRK   Document 45   Filed 09/30/20   Page 19 of 19 PageID 275

## VERIFICATION

I affirm under the penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information and belief.

*Herman Hall* #014712
HERMAN HALL DOC.#014712

Respectfully submitted,

*Gary Lee Printy*
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
HERMAN HALL